IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Richard P. Matsch, Senior District Judge

Civil Action No. 06-cv-01217-RPM-BNB

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Plaintiff,

v.

MELANIE FOREMAN,
DONALD FOREMAN, JR.,
TRACEY GARIN,
FALCON HEIGHTS DEVELOPMENT CORPORATION,

    Defendants.

_____

MEMORANDUM OPINION AND ORDER
_____

The undisputed facts of record in this case reflect that on October 3, 2005, in Colorado Springs, Colorado, a 1998 Chevrolet Silverado pickup truck driven by Tracey Garin, an employee of Falcon Heights Development Corporation, collided with a vehicle driven by Defendant Melanie Foreman, inflicting severe injuries on Ms. Foreman. Ms. Foreman and her husband, Defendant Donald Foreman, filed a complaint on December 28, 2005, in the El Paso County District Court against Tracey Garin, Jack Pfost, the owner of the truck, and Defendant Falcon Heights Development Corporation ("Falcon Heights"). American Family Insurance Company undertook the defense of Falcon Heights under a reservation of rights permitting it to bring this action to contest coverage under its policy, issued to Falcon Heights Development, Inc., as the named insured. A copy of the policy, No. 05X3161909, is attached as Exhibit A to

Plaintiff's Cross-Motion for Summary Judgment.

The insurer contends that the truck is not a covered vehicle under the plain language of the policy.

Tom Pfost and Connie Pfost owned the truck when the insurance was procured. That fact was known to the plaintiff's agent. They owned and operated the business known as Falcon Heights and used it in that business. Jack Pfost, Tom's brother, purchased the truck in June, 2004, and a certificate of title was issued to him on May 2, 2005. By agreement, the truck continued to be used in the business of Falcon Heights and was thus under the control of Tom and Connie Pfost at the time of the collision.

American Family contends that under the language of its policy there was no coverage because the truck was not owned by its insured at the time of the accident. At oral argument, plaintiff's counsel conceded that there was coverage when Tom and Connie Pfost had title. That is inconsistent with the position taken in the amended complaint that coverage is limited to vehicles owned by the insured, Federal Heights.

Item Two of the declarations of the policy, titled "Schedule of Coverages and Covered Autos" provides that:

> This policy provides only those coverages where a symbol is shown in the covered autos column below. Each of these coverages will apply only to those "autos" shown as covered "autos." "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Auto Section of the Business Auto Coverage Form next to the name of the coverage.

Exhibit A to Plaintiff's Cross-Motion, Dkt. #41, at 4. One column of the chart appearing in Item Two lists different types of coverages that are available under the policy, including liability, personal injury protection, auto medical payments, uninsured

2

motorist, underinsured motorist, collision, physical damage other than collision, and towing and labor (*id.*).  The heading over an adjacent column on the chart in Item Two states that "entry of one of the symbols from the Covered Autos Section of the Business Auto Coverage of the Business Auto Coverage Form shows which autos are covered autos."  *Id.*

Under that second column on the policy at issue, the number "7" is entered opposite the coverages described as liability, uninsured motorist, underinsured motorist, collision and physical damage other than collision.  This indicates that Falcon Heights purchased the described coverages for "covered autos" and declined coverage for personal injury protection, auto medical payments and towing and labor.

The meaning of the symbol "7", which is inserted opposite the selected coverages, is set forth on what appears to be a separate coverage endorsement to the policy.  The separate coverage endorsement states, under "SECTION I - COVERED AUTOS," that:

> Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages.  The following numerical symbols describe the "autos" that may be covered "autos."  The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered autos.

Exhibit A to Plaintiff's Cross Motion, Dkt. #41, at 14.

Beneath Section I, the separate coverage endorsement page of the policy displays a two-column chart, with one column listing the numbers "1" through "9" and the adjacent column bearing a subheading that reads "Description Of Covered Auto Designation Symbols."  Next to each of the nine numbers is the description of the autos covered as indicated under Item Two of the declarations (*id*).

As noted, the symbol "7" is inserted on the declarations of Item Two of the Falcon Heights policy opposite the five coverages referenced above. The language opposite the symbol "7" on the description chart states, in pertinent part: "Specifically Described 'Autos' – Only those autos described in Item Three of the Declarations for which a premium charge is shown. This indicates that the covered autos are those listed in Item Three of the Declarations of the policy.

The symbols "2" through "6" on the separate coverage page refer expressly to "owned" autos, and the narrative descriptions refer to "autos you own." Since the word "you" is defined on the same coverage page as referring to "the Named Insured shown in the declarations" it is reasonable to find that if symbols "2" through "6" are inserted on Item Two, the policy provides coverage for autos owned by the insured. By contrast, symbols "1", "7", "8" and "9" refer to autos not necessarily owned by the insured, and respectively describe the covered autos as "any 'auto'" (symbol "1), "specifically described 'autos'" (symbol 7), "hired 'autos' only" (symbol 8) and "nonowned 'autos' only" (symbol 9). It is reasonable to find that if symbols 1, 7, 8 or 9 are inserted on Item Two, the policy provides coverage for autos not owned by the insured. Since the symbol "7" is inserted on Item Two of the subject policy, it must provide coverage for "specifically described 'autos'" whether or not owned by the insured. American Family appears to argue that references found in Items Four and Five of the declarations, indicting "no coverage" for hired or borrowed autos (Item Four) and "non-ownership liability" (*see* Exhibit A to Plaintiff's Cross Motion, Dkt. #41, at 7), are supportive of its position that only "owned" autos are covered (Plaintiff's Cross-Motion at 7). The Court views these declarations, however, as nothing more than a

confirmation that coverages under symbols 8 and 9 were not selected.

Item Three of the policy declarations is titled "Schedule of Covered Autos You Own." Exhibit A to Plaintiff's Cross-Motion, Dkt. #41, at 5. The schedule contained in Item Three of the policy at issue here consists of two pages, one of which describes a covered vehicle as a "2001 Ford F250 Super Duty" (*id.*), and the second of which describes a covered vehicle as a "1998 Chevrolet K2500" (*id.* at 6). This latter vehicle is the one involved in the accident with the Foreman Defendants. Each of the separate pages of Item Three lists the coverages selected for each vehicle, the limits of the insurance for each coverage selected, the premium charged for each coverage and the total premium for each vehicle (*id.* at 5 and 6). On the page pertaining to the 1998 Chevrolet Silverado truck, the declarations list coverage for liability, uninsured motorist, and underinsured motorist each with a policy limit of $1,000,000, as well as collision and physical damage other than collision, and shows that coverage for medical payments was "rejected." (*Id.* at 6). The premium charged for such coverage is listed as $778.00. There is no dispute that Falcon Heights paid this premium for the relevant period.

Thus, contrary to what American Family argues, it is reasonable to find that based upon the above described policy language and the interrelationship of the sections of the policy, the 1998 Chevrolet Silverado truck was a covered auto at the time the policy was issued whether or not it was owned by the insured. The Court finds no language in the policy provisions applicable to this vehicle that required it to be owned by the insured in order for the insurance to apply. Rather, the key fact is whether the vehicle was listed on Item Three, and here there is no dispute that it was

so listed.

American Family argues that liability coverage for the truck automatically terminated when it was sold to Jack Pfost and the title was transferred to him.

One of the general conditions contained in the coverage endorsements to the policy, titled "Concealment, Misrepresentation or Fraud" provides as follows:

> This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form.  It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:
>
>     a.    This Coverage Form;
>
>     b.    The covered "auto";
>
>     c.    Your interest in the covered "auto", or
>
>     d.    A claim under this Coverage Form.

Exhibit A to Plaintiff's Cross Motion, Dkt. #41, at 20.  Because it is undisputed that Falcon Heights did not notify American Family of the sale of the 1998 Chevrolet Silverado to Jack Pfost in June, 2004, or the change in the title effected in May, 2005, the plaintiff argues that the insured intentionally concealed a material fact concerning the covered auto and the insured's interest in the covered auto in violation of the above provision, rendering the policy void before the accident in October, 2005, (Plaintiff's Cross-Motion at 10-11).

The argument fails because there was no change that could be considered material to the insurance company's risk.

The transfer of ownership in this case to Jack Pfost was not a material change because the use of the vehicle remained the same and thus the risk insured by

American Family remained the same.  David Karstens, the American Family agent who sold the policy to Falcon Heights, testified in his deposition that if the use of the vehicle did not "change" the risk does not change and therefore the failure to notify American Family of the transfer to Jack Pfost did not conceal a material fact (Falcon Heights' Response [(Dkt. #45, at 10); Foreman Defendants' Response, (Dkt. #42, at 8-9)].  This case would be different if Jack Pfost or someone under his control was driving the truck when it collided with Ms. Foreman's vehicle.  His control of the vehicle would not be within the risks undertaken when insuring the vehicles used in the business of Falcon Heights.  Here, the accident occurred while the truck was in the control of the insured.  The transfer of title had no effect on the insured risk.

The defendant Federal Heights its counterclaim for bad faith breach of insurance contract at oral argument.  Upon the foregoing, it is

ORDERED, that the plaintiff's motion for summary judgment is denied, the defendants' motions for partial summary judgment are granted and the Clerk shall enter a judgment dismissing this civil action and awarding costs to the defendants Melanie Foreman, Donald Foreman, Jr., and Falcon Heights Development Corporation.

DATED: August 14th, 2007

BY THE COURT:

s/ Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge